NATIONAL AMUSEMENTS, INC., APPELLANT, *v.*
CITY OF SPRINGDALE, APPELLEE.

[Cite as National Amusements, Inc. *v.* Springdale (1990), 53 Ohio St. 3d 60.]

(No. 89-1178—Submitted June 5, 1990—Decided August 8, 1990.)

*Strauss & Troy, Charles G. Atkins* and *Larry A. Temin,* for appellant.

*David A. Caldwell, Albert H. Neman, Wood & Lamping* and *Kenneth J. Schneider,* law director, for appellee.

H. BROWN, J. For the reasons which follow, we find that the instant

case is barred by the doctrine of *res judicata* and affirm the judgment of the court of appeals.

It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit." (Emphasis added.) *Rogers* v. *Whitehall* (1986), 25 Ohio St. 3d 67, 69, 25 OBR 89, 90, 494 N.E. 2d 1387, 1388. "[W]here a party is called upon to make good his cause of action * * *, he must do so by all the proper means within his control, and if he fails in that respect * * *, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties." *Covington & Cincinnati Bridge Co.* v. *Sargent* (1875), 27 Ohio St. 233, paragraph one of the syllabus. The doctrine of *res judicata* "encourages reliance on judicial decisions, bars vexatious litigation, and frees the court to resolve other disputes." *Brown* v. *Felsen* (1979), 442 U.S. 127, 131. "Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if * * * conclusiveness did not attend the judgments of such tribunals * * *." *Southern Pacific Rd. Co.* v. *United States* (1897), 168 U.S. 1, 49.

Appellant contends that the doctrine of *res judicata* is inapplicable because the claim in the instant case is not the same as that made in *National Amusements I*. We disagree.

National Amusements sought essentially the same relief in both actions.[2] The only difference between the two actions is the allegation, in the amended complaint filed in the instant case, that the cinema tax violates the

First Amendment. This allegation is nothing more than an alternative ground for relief which could have been asserted in *National Amusements I*. The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it. *Rogers, supra; Anderson* v. *Richards* (1962), 173 Ohio St. 50, 53, 18 O.O. 2d 252, 254, 179 N.E. 2d 918, 921; *Stratford Place Corp.* v. *Capalino* (S.D.N.Y. 1983), 574 F. Supp. 52, affirmed without opinion (C.A.2, 1984), 742 F. 2d 1441, certiorari denied (1984), 469 U.S. 824; see, also, *Johnson's Island, Inc.* v. *Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St. 2d 241, 245-246, 23 O.O. 3d 243, 246, 431 N.E. 2d 672, 675 (defendant who fails to raise a defense in the first action is barred from raising it in a later action); *Univ. of New Hampshire* v. *April* (1975), 115 N.H. 576, 580-581, 347 A. 2d 446, 450-451 (claim in second action which amounted to a defense not raised in the first action barred by *res judicata*). Accordingly, we reject appellant's first proposition of law.

Appellant also argues that the instant case should be exempted from the doctrine of *res judicata* because *Minneapolis Star & Tribune Co.* v. *Minnesota Commr. of Revenue* (1983), 460 U.S. 575, worked "a fundamental change in the controlling law" following the court of appeals' decision in *National Amusements I*.

Because a strict application of *res judicata* might frustrate other objectives of the legal system, "a series of exceptions have evolved to accommodate what are deemed to be these more important policies. However, it is important to note that although a number of cases may speak in terms of allowing an exception as being in the 'public interest' or because it avoids 'injustice,' these generally are over-

---

[2] See fn. 1, *supra*.

statements. * * * [E]xceptions to res judicata most commonly and properly are invoked only in specialized situations in which a specific policy is deemed to outweigh judicial economy concerns.'' (Footnotes omitted.) Friedenthal, Kane & Miller, Civil Procedure (1985) 656, Section 14.8. For example, habeas corpus actions are exempt from *res judicata* because ''[c]onventional notions of finality of litigation have no place where life or liberty is at stake * * *.'' *Sanders* v. *United States* (1963), 373 U.S. 1, 8.

Generally, a change in decisional law which might arguably reverse the outcome in a prior civil action does not bar the application of the doctrine of *res judicata*. *LaBarbera* v. *Batsch* (1967), 10 Ohio St. 2d 106, 109-111, 39 O.O. 2d 103, 105-107, 227 N.E. 2d 55, 59-60; *Berkey Farmers' Mut. Tel. Co.* v. *Sylvania Home Tel. Co.* (1917), 97 Ohio St. 67, 74, 119 N.E. 140, 142; *Michael* v. *American Natl. Bank* (1911), 84 Ohio St. 370, 95 N.E. 905; see *Doe* v. *Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St. 3d 128, 28 OBR 225, 502 N.E. 2d 605 (change in controlling decisional law does not support Civ. R. 60[B] motion for relief from judgment). ''To hold otherwise would enable any unsuccessful litigant to attempt to reopen and relitigate a prior adverse final judgment simply because there has been a change in controlling case law. Such a result would undermine the stability of final judgments and, in effect, render their enforceability conditional upon there being 'no change in the law.' '' *Doe, supra,* at 131, 28 OBR at 227, 502 N.E. 2d at 608 (quoting *Parks* v. *U.S. Life & Credit Corp.* [C.A. 11, 1982], 677 F. 2d 838, 841).

This general rule applies to changes in constitutional law. ''That the change in legal doctrine is constitu-tional in nature does not, automatically, dictate a different result.'' *Gowan* v. *Tully* (1978), 45 N.Y. 2d 32, 36, 407 N.Y. Supp. 2d 650, 652-653, 379 N.E. 2d 177, 180 (challenge to dismissals of civil service employees barred by *res judicata* despite later United States Supreme Court case calling constitutionality of such dismissals into question).

Some courts have recognized an exception to the doctrine of *res judicata* where there has been ''a major change in constitutional principles as applied to areas of continuing conduct * * * .'' Friedenthal, Kane & Miller, *supra,* at 657, Section 14.8; see, also, *Gowan, supra,* at 36-37, 407 N.Y. Supp. 2d at 653, 379 N.E. 2d at 180. Though broadly worded, this exception is actually quite narrow, having been applied almost exclusively to school desegregation cases. See *Moch* v. *East Baton Rouge Parish School Bd.* (C.A. 5, 1977), 548 F. 2d 594 (challenge to apportionment of multimember school board election districts); *Bronson* v. *Cincinnati School Dist. Bd. of Edn.* (C.A. 6, 1975), 525 F. 2d 344 (school desegregation; *res judicata* held to be applicable); *Christian* v. *Jemison* (C.A. 5, 1962), 303 F. 2d 52 (segregated seating); *Griffin* v. *State Bd. of Edn.* (E.D. Va. 1969), 296 F. Supp. 1178 (racially discriminatory system of state school tuition grants).

Because of the important public and private interests served by the doctrine of *res judicata,* see *Brown, supra; Southern Pacific, supra,* courts should be slow to broaden the few existing exceptions lest they abrogate the rule. Given the facts and circumstances of the instant case, appellant has not persuaded us to exempt the instant case from the doctrine of *res judicata.*

In view of our disposition of ap-

pellant's first and second propositions of law, we need not reach the issue of the constitutionality of the cinema tax.[3] The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

---

[3] While we do not reach the merits of appellant's constitutional arguments, we do note that the facts of the instant case are significantly different from those in *Min-* *neapolis Star, supra.* Consequently, it is far from certain that appellant would prevail on the merits.