OPINION
Defendant-appellant Beth Starcher appeals the December 30, 1998 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, overruling her objections to the Magistrate's May 1, 1998 Decision. Plaintiff-appellee is Dwight Nicholson.
 STATEMENT OF THE FACTS AND CASE
On December 4, 1997, appellee filed a Verified Motion to Establish Parental Rights and Responsibilities relative to the minor child, Joshua Allen Starcher (DOB 5/17/91), after the Stark County Child Support Enforcement Agency determined appellee to be the father of Joshua. Magistrate Constance Butera conducted a hearing on the motion on January 13, 1998. Via Magistrate's Order/Decision dated the same day, the magistrate found appellee to be Joshua's father, ordered visitation between appellee and the child, and ordered appellee to pay child support in the amount of $299.94 per month plus poundage. Neither party filed objections to the Magistrate's Order/Decision, which the trial court approved and adopted on January 19, 1998. On February 3, 1998, appellant, through new counsel, filed a Motion for Child Support Arrearages; Motion to Modify Child Support; Motion to Modify Companionship; and Request for Production of Documents. Magistrate David Nist conducted a hearing on the motions on April 14, 1998, during which he reviewed the tape-recording of the January 13, 1998 proceedings at the request of counsel for both appellee and appellant. In his Findings of Fact, Magistrate Nist noted appellant's first attorney made the following statement to Magistrate Butera: [Appellee] * * * had paid all of last year $800.00 for child support. So child support would be in order. We really can't ask court to go back to the date of birth of this child even though Joshua has always been supported by [appellant] and her alone. We have no problem with this Court's standard order of visitation but we feel that the child support should go back to the year of 1996 and give him [appellee] credit with what he has paid in 1996. We can't ask him to go beyond that date. She obviously was married to someone else and that other person's hospitalization paid for the delivery of this child * * * Taking child support back to First (1st) of the 96 instead of back to 95 would be fine and that would be equitable. (Emphasis in original).
Via Decision filed May 1, 1998, Magistrate Nist found appellant waived her claim for child support arrearages and denied appellant's request for the same. Appellant filed timely objections to the Magistrate's Decision. Appellant did not provide the trial court with a transcript of the proceedings before Magistrate Nist or an affidavit of the evidence submitted at that hearing. After conducting a hearing on appellant's objections on July 16, 1998, the trial court found appellant's motion for arrearages was barred by the doctrine of res judicata because appellant neither objected to Magistrate Butera's Order/Decision relative to the issue of child support nor objected to Magistrate Nist's findings relative to the content of the record of the January 13, 1998 hearing. The trial court approved and adopted Magistrate Nist's May 1, 1998 Decision as its judgment. The trial court memorialized its ruling in a Judgment Entry filed December 30, 1998. It is from this judgment entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED BY NOT SUSTAINING THE APPELLANT'S OBJECTION TO THE MAGISTRATE'S FINDING THAT APPELLANT HAD WAIVED HER CLAIM TO CHILD SUPPORT ARREARAGES FROM THE BIRTH OF THE MINOR CHILD.
 II. THE TRIAL COURT ERRED IN FINDING THE THE [SIC] APPELLANT'S MOTION FOR CHILD SUPPORT ARREARAGES WAS BARRED BY RES JUDICATA.
 I, II
We shall address appellant's first and second assignments of error together. In her first assignment of error, appellant maintains the trial court erred in overruling her objection to Magistrate Nist's finding she waived her claim to child support arrearages. In her second assignment, appellant contends the trial court erred in finding her motion for child support arrearages filed February 3, 1998, was barred by the doctrine of res judicata. Civ.R. 53, in effect at the time Magistrate Nist issued his Decision, provided, in pertinent part: (E) (6) Factual findings. On appeal, a party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in the party's written objections to the referee's report. The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available. * * *
As stated supra, appellant failed to provide the trial court with a transcript or an affidavit of evidence in support of her objections to Magistrate Nist's Decision as required by Civ.R. 53(E) (6). A party cannot challenge on appeal the trial court's adoption of any of a magistrate's findings of fact unless the party submits to the trial court the required transcript or affidavit. See, Storrie v. Storrie (March 24, 1999), Tuscarawas App. No. 1998AP040082, unreported; Frank v. Frank (June 5, 1998), Morrow App. No. CA-855, unreported. Thus, appellant is precluded from challenging in the instant appeal the trial court's overruling her objection to Magistrate Nist's finding of fact she waived her claim for arrearages at the hearing before Magistrate Butera. Additionally, the record reveals appellant failed to request a transcript of the proceedings before Magistrate Nist pursuant to App. R. 9(B) or submit a statement of evidence pursuant to App. R. 9(C). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower's court proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Because appellant failed to provide this Court with those portions of the transcript necessary for resolution of her first assignment of error, we must presume the regularity of the proceedings below and affirm pursuant to the directives set forth in Knapp. Accordingly, we find the trial court did not err in overruling appellant's objection to Magistrate Nist's finding she waived her claim to child support arrearages. Turning to appellant's second assignment of error, we agree with the trial court's determination the controlling theory of the case is the doctrine of res judicata. "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. Parkman Township (1995), 73 Ohio St.3d 379, 381 (Citations omitted). A comprehensive definition of res judicata is as follows: A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privy with them.
Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus.
Furthermore, "[i]t has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit'." National Amusement, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62 (Citation omitted). (Emphasis added). Accordingly, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id. In the instant action, Magistrate Butera's January 13, 1998 Order/Decision does not address the issue of arrearages. However, because any issue as to past due amounts appellee owed toward the support of the minor child could have been litigated during Magistrate Butera's initial hearing and because appellant did not appeal the trial court's approval and adoption of Magistrate Butera's Order/Decision, we find the trial court did not err in finding appellant's Motion for Child Support Arrearages to be barred by the doctrine of res judicata. We further find appellant waived any error as to the issue by failing to object to said Order/Decision. Appellant's first and second assignments of error are overruled.
The judgment entry of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur