OPINION
Appellant, James A. Kucharski, appeals the Portage County Court of Common Pleas' judgment entry dismissing his complaint against appellee, William R. Weakland, for failure to state a claim upon which relief could be granted.
This appeal concerns property appellant originally owned, which was located at 1347 Middlebury Road, Kent, Ohio. In 1996, appellant was incarcerated. During his incarceration, he executed a general power of attorney to third party defendant-appellee Joan Kucharski, n.k.a. Joan Weakland ("Joan"), who was his then wife. Appellant and Joan had been married since August 19, 1989. On June 6, 1996, appellant executed a quitclaim deed to Joan. The deed transferred his interest in the real estate on Middlebury Road. On October 10, 1996, while incarcerated, appellant executed a release of his interest in the property which was transferred from Joan to her son, William Weakland.[1]
Shortly after the transfer of the property to appellee, Joan filed for divorce in the Cuyahoga County Court of Common Pleas. In February 1997, appellant signed a separation agreement which stated that he had been given a full opportunity to obtain counsel. The documents were notarized. Appellant then forwarded the documents to an attorney for filing. The separation agreement disposed of the property in issue by stating that, "[h]usband agrees that he shall have no right to said property and shall protect [Joan's] or [Joan's] Grantee or those who take from [Joan's] Grantee from claims raised by Husband or his heirs, or beneficiaries."
On February 26, 1997, the complaint for divorce and separation agreement were filed in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. On March 8, 1997, appellant was released from jail. On March 10, 1997, proper service of the complaint was effected on appellant. Appellee claims that although appellant was released from jail prior to the forty-two day period discussed in Civ.R. 75(K), he never filed an answer or counterclaim, never attempted to rescind the separation agreement, and failed to appear at the final divorce hearing. There is no documentation in the record to support this contention. However, on April 15, 1997, Joan was granted a divorce and the separation agreement was incorporated into the decree. Apparently, appellant never perfected an appeal from the final decree of divorce.
On August 14, 1997, appellant's attorney filed a Civ.R. 60(B) motion for relief from judgment in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. In that motion, appellant argued that the real estate was obtained by fraud and duress and that he was unable to consult with legal counsel due to his incarceration. He also claimed that the separation was obtained under the same conditions. Appellee states in his brief that in a judgment entry dated July 17, 1998, the trial court denied appellant's Civ.R. 60(B) motion.
The record further shows that on July 9, 1998, appellant filed a complaint in the Portage County Court of Common Pleas, from which this appeal arises. In the complaint, appellant merely challenged the signing of the deeds and not the separation agreement. Appellee states that appellant failed to mention that he had advanced similar claims concerning the property in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Appellee also states that on August 14, 1998, appellant appealed the denial of his Civ.R. 60(B) motion and that the appeal has not yet been heard. There is no evidence in the record to support this claim. However, we note that the Eighth District Court of Appeals affirmed the trial court's denial of his Civ.R. 60(B) motion in Kucharski v. Kucharski (Nov. 4, 1999), Cuyahoga App. No. 75049, unreported, 1999 WL 1000660.
On October 15, 1998, appellant filed a motion for summary judgment with the Portage County Court of Common Pleas in this matter on the basis that his incarceration constituted an incapacity to execute a valid deed. In a judgment entry dated January 25, 1999, appellant's motion for summary judgment was overruled on the basis that there was no legal support for appellant's position that incarceration in a penal institution divests an individual of the capacity to execute a valid deed. Thus, on January 27, 1999, appellant filed a Civ.R. 60(B) motion for relief from judgment in the Portage County Court of Common Pleas regarding the trial court's judgment entry overruling his motion for summary judgment.[2] On that same date, the trial court overruled appellant's motion.
Finally, on February 10, 1999, the trial court dismissed appellant's complaint for failure to state a claim upon which relief could be granted.
Appellant now timely appeals, raising the following assignments of error:
 "[1.] The trial court erred in denying the Plaintiff-Appellant's [sic] motion for summary judgment for recovery of his real estate.
 "[2.] The trial court erred in dismissing the Plaintiff-Appellant's [sic] complaint for recovery of his real estate on the ground of failure to state a claim upon which relief may be granted."
At the outset of this opinion, we note that the doctrine of res judicata applies to each of appellant's assignments of error by virtue of the fact that the issue concerning ownership of the subject real estate was previously raised and litigated before the Eighth District Court of Appeals. See Kucharski, supra, unreported. In Natl. Amusements, Inc. v. Springdale
(1990), 53 Ohio St.3d 60, 62, the Ohio Supreme Court wrote, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it. * * *" (Citations omitted.) Although appellant only previously argued that the transfer of the real estate was improper because it was obtained through fraud and duress and without him consulting with counsel, all defenses concerning the transfer of the property could have been raised in the prior proceeding.
However, in the interests of justice, we will address the merits of appellant's assignments of error.
In initially considering appellant's first assignment of error, we wish to point out that although it would have been improper for appellant to attempt to appeal the denial of his motion for summary judgment prior to the conclusion of the matter in the trial court, since it was not then a final appealable order, it may be argued now as an issue on appeal because the case was later finalized in the trial court. Additionally, it should be noted that appellant need not have argued the actual summary judgment motion itself, but rather could have argued the merits of his claim in this appeal by simply arguing that the trial court erred in its decision for those reasons. Thus, although the means by which appellant advances his claim are unusual, there is nothing improper about it. Therefore, we will address appellant's first assignment of error as presented.
In his first assigned error, appellant avers that when a person is incarcerated in a correctional institution, such person is under a legal disability by reason of his captivity, as set forth in R.C. 2131.02(C). He further claims that an incarcerated person also is "incompetent" under R.C. 2111.01(D). Thus, appellant states that a deed signed by such person is "voidable." Therefore, appellant believes that he should possess legal title to the property in issue.
In addressing appellant's assignment of error, we first look to R.C. 2961.01, which is the statutory provision governing the civil rights of felons. In that provision, it is clear that even felons are not barred from entering into contracts while incarcerated. This conclusion is reached by virtue of the language of the statute, which reads:
 "A person convicted of a felony under the laws of this or any other state or the United States * * * is incompetent to be an elector or juror, or to hold an office of honor, trust, or profit. * * *"
 There is no provision precluding an incarcerated individual from entering into contracts or transferring title to property. Moreover, in Kelly v. Kelly (June 1, 1998), Clermont App. No. CA97-11-099, unreported, at 1-2, 1998 WL 281344, the Twelfth District Court of Appeals affirmed the trial court's order that the appellee shall sign a quitclaim deed transferring all of his right in certain real estate to the appellant in a divorce action initiated by the appellant. At the time the trial court made its order, the appellee was incarcerated. Id. at 2. Finally, in Workman v. Grotke
(Jan. 28, 1993), Cuyahoga App. No. 61819, unreported, at 1, fn. 1, 1993 WL 19555, the Eighth District Court of Appeals wrote that an "[a]ction accruing after July 13, 1991, will be governed by the revised 2305.16, which has eliminated the reference to imprisonment as a disability. The legislature must have realized that imprisonment is hardly a disability to those wishing to initiate lawsuits."
On the basis of the law reviewed by this Court, there is no rule of law that would act to prohibit appellant from validly executing a quitclaim deed to Joan and then to appellee simply because he was incarcerated at the time of execution. Indeed, under Kelly, the appellee-inmate was ordered to effectuate a quitclaim deed as part of the property division in a divorce case. Additionally, appellant's numerous references to R.C. 2111.01 and 2131.02 do not appropriately support his line of argumentation since they pertain to probate court proceedings, not conveyances of title which are governed by R.C. Title 53 or divorce actions which are governed by R.C. Title 31. Consequently, appellant's first assignment of error is without merit, as the trial court did not commit error.
In the second assignment of error, appellant contends that the trial court's dismissal of his complaint for recovery of his real estate constituted reversible error. In support of that claim, appellant states that the complaint should not have been dismissed because the conveyance of the deed was voidable due to his incarceration and subsequent disaffirmance.
In addressing the first assigned error, we held that the trial court did not commit error in concluding that the deed transfer to appellee was valid. Again, the trial court held that the appellant's incarceration alone would not work to make voidable the transfer of his property to Joan and appellee. As we have previously stated our approval of the trial court's judgment, we further conclude that the trial court then properly dismissed appellant's complaint for failure to state a claim upon which relief could be granted. Clearly, appellant has failed to advance an appropriate claim for recovery of the property. Thus, appellant's second assignment of error also is not well-founded.
For the foregoing reasons, appellant's assignments of error are not well-taken, and the judgment of the Portage County Court of Common Pleas is affirmed.
 ____________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] Solely for purposes of clarity, Joan Weakland will be referred to as "Joan," while her son, William Weakland, will be referred to as "appellee" throughout this opinion.
[2] Appellant's Civ.R. 60(B) motion was made with regard to the denial of his motion for summary judgment, which was not a final appealable order. Thus, as Civ.R. 60(B) applies only to final orders, judgments, or proceedings, it must fail.