[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1997, a complaint on behalf of plaintiff-appellant Julie T. Duggins was filed in federal court, asserting multiple claims against defendants-appellees Steak `N Shake, Inc., and Troy Keith, including claims under Section 2000e et seq., Title 42, U.S. Code, and under the Americans with Disabilities Act, Section 12110 et seq., Title 42, U.S. Code, as well as claims for assault, battery and negligence. The federal court granted summary judgment in favor of defendants-appellees and dismissed with prejudice all of Duggins's claims.
In January 2000, Duggins filed a complaint against defendants-appellees in the Hamilton County Court of Common Pleas. Finding that Duggins's claims were barred by the doctrine of res judicata, the trial court granted summary judgment in favor of defendants-appellees. From that judgment, Duggins appeals.
A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. See Grava v. ParkmanTwp. (1997), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. A "transaction" is defined as a "common nucleus of operative facts." Seeid. at 382, 653 N.E.2d 226, citing Restatement of the Law 2d, Judgments (1982), Section 24, Comment b, at 198-199. Moreover, an existing final judgment or decree between the parties to litigation is conclusive as to all claims that were or might have been litigated in the first action. See National Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62, 558 N.E.2d 1178, 1180.
Duggins's claims below and in the federal court stemmed from an alleged sexual assault by Keith that had taken place while both Duggins and Keith were employed by Steak `N Shake, Inc. Because this state case is based on claims arising from the same nucleus of facts that underpinned Duggins's federal case, we hold that the trial court properly granted summary judgment in favor of defendants-appellees on the basis of resjudicata. See, Grava, supra.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.