OPINION
Appellant Delbert L. Amend, Jr., appeals the decision of the Court of Common Pleas, Ashland County, which dismissed his complaint regarding title to certain real estate. The relevant facts leading to this appeal are as follows.
On December 23, 1999 appellant filed a pro se complaint in the trial court naming as defendants Diana Brechbuhler, Dr. W. Stanford Brechbuhler, Edward D. Amend, Columbia Gas Transmission Company, and National City Bank. Appellant's complaint prayed for the return of certain real estate once owned by his grandfather, and mineral rights connected with property, which he claimed had both been illegally transferred. On February 22, 2000, appellant filed a motion for default judgment against Edward D. Amend. On February 28, 2000, the trial court judge issued a scheduling order, noting that on October 28, 1997, in Ashland County Common Pleas case number 97CIV35646, Delbert Amend, Jr.v. Judge Robert Henderson et al., the same claims had been addressed in a final judgment entry from which no appeal was taken. However, a trial court gave appellant the opportunity to present the court with any material demonstrating that his current claims were different from those previously ruled upon. The court set a deadline for said material of March 13, 2000. The trial court further ordered a hearing to be set on April 24, 2000 to determine whether appellant's conduct should be ruled frivolous.
On March 13, 2000, appellant filed a document captioned "Answer to Judge DeWeese," with exhibits attached. Included in the document was appellant's request that the court overturn its 1980 judgment entry in common pleas case number 31463, Eikelberry v. Amend, an even earlier case involving the same issues and parties.
On May 9, 2000, trial court issued a judgment entry in which it found that appellant was improperly seeking to collaterally attack the aforecited 1980 and 1997 final judgment entries. The court therefore ordered appellant's complaint dismissed on the basis of res judicata. The court, based on the evidence heard at its hearing of April 24, 2000, also ordered payment of attorney fees to Diana Brechbuhler, Dr. W. Stanford Brechbuhler and Columbia Gas Transmission Company. The trial court also overruled appellant's motion for default judgment against Edward Amend, and appellant's motion to overturn the 1980 judgment entry.
On June 7, 2000, appellant filed a notice of appeal. He filed his merit brief on August 10, 2000. Although his brief does not conform to Rule 16(A), we will treat the following statement therein as his Assignment of Error:
 I. I ASK THE COURT THAT JUDGMENTS BE MADE IN MY BEHALF, THAT THE PROPERTY IN QUESTION AND THE MINERAL RIGHTS BE RETURNED TO ME.
The implicit issue before us is whether the trial court erred in dismissing appellant's complaint on the basis of res judicata. "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. Parkman Township (1995),73 Ohio St.3d 379, 381 (Citations omitted). Furthermore, "[i]t has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit'." National Amusement,Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62 (Citation omitted). Accordingly, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id. Appellant has supplied us with no authority for the proposition that the long-established res judicata doctrine should not apply to the matter sub judice.
Appellant's earnestness in attempting to correct what he continues to view as an injustice to himself and his father is readily evident. Nonetheless, Ohio courts have typically placed finality above perfection in the hierarchy of values. Strack v. Pelton (1994), 70 Ohio St.3d 172,175. The method of redress chosen by appellant in filing his complaint of December 23, 1999 was wholly improper and, therefore, was validly rejected by the trial court.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Ashland County, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Wise, J., Farmer, P.J., and Edwards, J., concur.