OPINION
{¶ 1} Terry Bach is appealing the judgment of the domestic relations division of the Montgomery County Common Pleas Court, which denied his petition for a domestic violence civil protection order.
 {¶ 2} Terry Bach and Carol Crawford were in a relationship for over ten years and lived together for a period of time. In December of 1999, Mr. Bach claims that Ms. Crawford mentioned Lorena Bobbitt to him, which he interpreted as threatening, and shortly thereafter, he decided to break up. On December 19, 1999, Mr. Bach moved out of Ms. Crawford's residence. On this date, Ms. Crawford was very upset and yelled at Mr. Bach. In January of 2000, Ms. Crawford filed for a domestic violence civil protection order and in March of 2000 filed for a stalking civil protection order. From January of 2000 through August of 2000, according to Mr. Bach, Ms. Crawford delivered several letters, cards, and personal possessions of Mr. Bach to his residence. Ms. Crawford also placed cut up pictures of Mr. Bach in a box of belongings he was supposed to pick up. Additionally, Ms. Crawford called Mr. Bach's mother and stopped by her residence, often asking about new women in Mr. Bach's life. In April of 2000, Ms. Crawford voluntarily dismissed her petition for a stalking civil protection order. Also, in the spring of 2000, Ms. Crawford was arrested for criminal trespassing on Mr. Bach's property and convicted. As a result of this conviction, Ms. Crawford's brother hired a private investigator, Ms. Thacker, to look into the events surrounding the arrest. During the summer of 2000, Ms. Thacker questioned Mr. Bach's neighbors and spoke with Mr. Bach. Mr. Bach claims Ms. Thacker asked questions regarding his personal life. Additionally, in the summer of 2000, Ms. Thacker and Ms. Crawford appeared at a restaurant where Mr. Bach was eating and photographed him with another woman and the woman's vehicle.
 {¶ 3} In August of 2000, Mr. Bach filed a stalking civil protection order in Warren County Common Pleas Court. In that petition, Mr. Bach listed all of the above mentioned events which had transpired up until that point. The Warren County court denied Mr. Bach's petition for lack of evidence. Ms. Thacker continued her investigation through the fall of 2000. Mr. Bach also alleges that in September of 2000, Ms. Crawford drove behind him on State route 675 and videotaped him. Additionally in December of 2000 and in January of 2001, Mr. Bach found the number of a Kettering police officer, who is a friend of Ms. Crawford, and the phone number of Ms. Crawford's previous attorney on his caller identification box. Also, in December of 2000, Mr. Bach found a man in the parking lot of a Sears store who was videotaping him. Mr. Bach approached him and took the videotape from the man, but he was unable to get the man's name or license plate number. Mr. Bach has no evidence connecting this incident to Ms. Crawford.
 {¶ 4} In March of 2001, Mr. Bach filed this petition for a domestic violence protection order. In April of 2001, Mr. Bach twice found the phone number of Ms. Crawford's employer on his caller identification box. Finally, in June of 2001, Ms. Crawford's petition for a domestic violence civil protection order was denied. Mr. Bach testified that at this time Ms. Crawford called him and congratulated him on the court's removal of a civil protection order barring Mr. Bach from coming around Ms. Crawford. In this conversation, Mr. Bach accuses Ms. Crawford of making inappropriate comments implying Mr. Bach had influence with police officers or judges. Since August of 2000, Mr. Bach has only called the police regarding Ms. Crawford on one occasion, which occurred in June of 2001. Mr. Bach called the police because he was stopped at a gas station making a phone call and Ms. Crawford pulled into the gas station, purchased gas, and left the station without having contact with Mr. Bach.
 {¶ 5} A hearing on Mr. Bach's petition for a domestic violence civil protection order was held on August 31, 2001 before the magistrate. Shortly thereafter, the magistrate issued its decision granting Mr. Bach's petition for the domestic violence civil protection order. Ms. Crawford filed objections with the trial court. Although Ms. Crawford delivered her objections to the trial court within the allotted time period, Ms. Crawford did not file the objections with the clerk within the time provided by the civil rules. Regardless, the trial court considered Ms. Crawford's objections timely and reversed the magistrate's decision. The trial court denied Mr. Bach's petition. Mr. Bach has filed this appeal from the trial court's judgment.
 {¶ 6} Mr. Bach raises the following assignment of error:
 {¶ 7} "The Trial Court Erred In Sustaining The Appellee's Objections To The Magistrate's Decision."
 {¶ 8} Mr. Bach argues that the trial court erred first in not overruling Ms. Crawford's objections as untimely, second he argues the trial court erred in determining that many of Mr. Bach's claims were barred by res judicata, and finally erred in finding that there was insufficient evidence to support the magistrate's grant of Mr. Bach's petition. We disagree.
 {¶ 9} Mr. Bach argues that the trial court erred in considering Ms. Crawford's objections because they were not timely filed with the clerk. Civil Rule 53(E)(3)(a) requires objections to the magistrate's decision be filed within fourteen days of the decision. However, Civil Rule 6(B) permits a trial court to "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Thus, Civil Rule 6(B) grants broad discretion to the trial court in procedural matters.
 {¶ 10} The magistrate's decision was filed on September 14, 2001, and Ms. Crawford's objections were due on September 28, 2001. However, the objections were not filed with the clerk until October 3, 2001. In Ms. Crawford's October 16, 2001 pleading to the trial court she explained:
 {¶ 11} "[Ms. Crawford] further submits to your Honorable Court that although [Ms. Crawford's] Objections to the Magistrate's Decision filed on September 14, 2001 may have been due on September 28, 2001, [Ms. Crawford's] Objections were in fact hand-delivered to your Honorable Court on September 28, 2001 together with the Order and Entry and were forwarded to opposing counsel on September 28, 2001. However, due to the fact that your Honorable Court did not have an opportunity to review [Ms. Crawford's] Objections before reviewing and executing the Order and Entry, [Ms. Crawford's] Objections were not file-stamped until October 3, 2001. [Ms. Crawford], by and through counsel, respectfully submits that the inadvertent and excusable delay has resulted in no prejudice whatsoever to [Petitioner]." Amended Objections, pg 1.
 {¶ 12} The trial court acknowledged receiving the objections and considered the objections timely filed by an order and entry filed on October 22, 2001. Mr. Bach argues that the trial court should not have considered the objections timely filed. We disagree. Ms. Crawford substantially complied with the civil rules. Ms. Crawford's amended objections pleading amounts to a motion for an extension of time to file the objections due to excusable neglect. We cannot say that the trial court abused its discretion in considering the objections filed timely when they had been delivered to the court and forwarded to opposing counsel in a timely manner.
 {¶ 13} Mr. Bach also argues the trial court erred in holding that his claims that were previously raised in another county were barred by res judicata. The doctrine of res judicata involves both claim preclusion and issue preclusion. Grava v. Parkman Township, 73 Ohio St.3d 379, 381,1995-Ohio-331. Ohio law provides that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit." NationalAmusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62. Thus, under the doctrine of res judicata, a plaintiff must present every ground for relief in a cause of action or be forever barred from asserting it at a later date. Id.
 {¶ 14} Mr. Bach argues that Ms. Crawford waived the defense of res judicata because she failed to file the defense in a pleading. However, this court has previously stated that a respondent in a civil protection order action will not be faulted for the failure to plead the defense of res judicata where it appears from the record that the party was never called upon to answer the petition. Genari v. Genari, Greene County App. No. 2001-CA-6, 2001-Ohio-1524. In the instant case, Ms. Crawford argued at the hearing that the substantial amount of the evidence argued at the hearing was previously argued before the Warren County court in Mr. Bach's attempt to obtain a civil protection order there. Therefore, Ms. Crawford argued these claims were barred by res judicata. By arguing this to the magistrate at the hearing and in her objections to the trial court, Ms. Crawford preserved the issue of res judicata for appeal.
 {¶ 15} Also, Mr. Bach argues that res judicata does not bar his petition for a domestic violence civil protection order. On August 18, 2000, Mr. Bach filed a petition for a stalking civil protection order in the Common Pleas Court of Warren County, Ohio. In September of 2000, the Warren County court dismissed his petition. In his petition in Warren County, Mr. Bach alleged Ms. Crawford, "sends old love letters to me, brings love letters and old gifts to my home, calls me, has people follow me, drive past my home, park and stare at my home, followed me past my work, has P.I. following me, is calling my parents, has reminded me of Arena {sic} Bobbitt several times. Bothers my neighbors about me. Was arested {sic} for criminal trespassing in Franklin and found guilty." The only new items alleged in Mr. Bach's Montgomery County petition for a civil protection order are that Ms. Crawford has looked into his windows and that she has had people call, write and/or leave messages on his answering machine. After reviewing the evidence presented at the hearing, Mr. Bach admitted that all of the incidents he alleged against Ms. Crawford occurred before his Warren County petition except for the four phone calls on his caller identification box, Ms. Crawford getting gas at the same gas station where Mr. Bach was placing a phone call, and a single phone call in June of 2001, regarding the dismissal of Ms. Crawford's petition for a civil protection order. Mr. Bach additionally offered evidence of an incident in December of 2000 where he was videotaped by a man in the parking lot of a shopping center. However, there was no evidence connecting this incident to Ms. Crawford. We agree with the trial court that Mr. Bach's claims regarding events before his Warren County petition in August of 2000 are barred by res judicata. The evidence regarding the events which have occurred since the filing in the Warren County do not amount to an act of domestic violence under R.C. 3113.31. The incident at the gas station occurred in the vicinity of both parties' residences and no interaction occurred between the parties. Also, in the one phone call in June of 2001 where Ms. Crawford called Mr. Bach she made no threats or engaged in any conduct which meet the R.C. 3113.31 definition of domestic violence. The trial court did not err in determining that res judicata barred Mr. Bach's claims stemming from incidents before August of 2000 and that the evidence of events after that date did not amount to domestic violence under R.C. 3113.31.
 {¶ 16} Additionally, Mr. Bach argues the trial court erred in sustaining Ms. Crawford's objection that the magistrate had mistakenly relied on her conviction for criminal trespass in granting the domestic violence civil protection order. R.C. 3113.31 provides:
 {¶ 17} "(1) Domestic Violence means the occurrence of one or more of the following acts against a family or household member:
 {¶ 18} "(a) * * *;
 {¶ 19} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or section 2911.211 of the Revised Code.
 {¶ 20} "* * *." R.C. 3113.31(A).
 {¶ 21} As Ms. Crawford never made a threat of force to Mr. Bach, the magistrate justified the grant of the domestic violence civil protection order by finding a violation of R.C. 2903.211 and R.C. 2911.211. R.C. 2903.211 pertains to menacing by stalking, while R.C. 2911.211
pertains to aggravated trespass. Although R.C. 3113.31(A) does not require a conviction under R.C. 2903.211 or 2911.211, sufficient facts must be presented to support a finding that one of these statutes was violated. The trial court properly noted that the magistrate mistakenly based part of its decision in granting the domestic violence civil protection order on a finding that Ms. Crawford had been convicted of R.C. 2911.211 in Franklin Municipal Court. The trial court correctly found that Ms. Crawford was convicted of violating R.C. 2911.21, which is criminal trespass. R.C. 2911.21 does not have the required finding that the person either caused physical harm to another person or caused another person to believe that the offender will cause him harm, which R.C. 2911.211 does. In fact, no evidence was offered at the hearing as to the events surrounding the criminal trespass incident, which would allow a conclusion that the trespass was committed to cause Mr. Bach to believe that Ms. Crawford would cause him harm. Therefore, the trial court was correct in finding that sufficient evidence was not presented at the hearing from which the magistrate could have held that Ms. Crawford committed aggravated trespassing in violation of R.C. 2911.211.
 {¶ 22} Also, the magistrate based the grant of the domestic violence civil protection order on a finding that Ms. Crawford had violated R.C. 2903.211, menacing by stalking. R.C. 2903.211 provides, "No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." A "pattern of conduct" is "two or more actions or incidents closely related in time," but does not require a prior conviction. R.C. 2903.211(C)(1). In addition to causing the victim to believe that he may be subjected to physical harm, evidence of mental distress is sufficient. State v. Schwab (1997),119 Ohio App.3d 463, 472-474. It is not necessary that the victim actually obtain any type pf psychological or psychiatric treatment to prove mental distress. State v. Bilder (1994), 99 Ohio App.3d 653, 665.
 {¶ 23} The evidence presented at the hearing demonstrated that Ms. Crawford never exhibited violence towards Mr. Bach or his family. Further, there was no evidence that Ms. Crawford ever threatened Mr. Bach. The only evidence which arguably may have indicated violence was that Mr. Bach testified that Ms. Crawford told him to remember Lorena Bobbitt. However, this occurred before the parties ended their relationship, which was in December of 1999, over three years ago. Even if the court considered the evidence of events before August of 2000, which we held above was barred by res judicata, there still is not sufficient evidence that Ms. Crawford knowingly caused Mr. Bach to believe she would cause physical harm to him or mental distress. Although Mr. Bach when asked if he had concerns for his safety stated, "Umm — Yes, I think I [do]," Mr. Bach's actions do not demonstrate a fear of Ms. Crawford. This is demonstrated by Mr. Bach's attendance at a party near Ms. Crawford's house in January of 2000 and his parking approximately 75 feet from Ms. Crawford's front door. Moreover, the vast majority of the incidents Mr. Bach complains about occurred prior to January of 2000. Thus, if Ms. Crawford's actions had caused Mr. Bach to fear for his safety, it is doubtful that he would have parked so close to her residence. Moreover, Mr. Bach testified that he never found it necessary to call police in order to protect himself from Ms. Crawford. Rather, the evidence demonstrates that Ms. Crawford's behavior towards Mr. Bach is decelerating as time passes since their relationship ended. We cannot say that the trial court erred in concluding that the evidence did not support the magistrate's conclusion that Ms. Crawford had violated R.C. 2911.211 and R.C. 2903.211. Thus, the trial court did not err in sustaining Ms. Crawford's objections to the magistrate's decision and in denying Mr. Bach's petition for a domestic violence civil protection order. Mr. Bach's assignment of error is without merit and is overruled.
 {¶ 24} The judgment of the trial court is affirmed.
FAIN, P.J. and GRADY, J., concur.