OPINION
{¶ 1} Plaintiffs-appellants John and Sharon Swinderman appeal from the August 5, 2002, and December 11, 2002, Judgment Entries of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 7, 1992, appellants John and Sharon Swinderman entered into a land contract, with David Weaver, to purchase property located at 4754 Rutledge Street, Midvale, Ohio, for the purchase price of $23,055.27. In May, 1998, appellants began efforts to obtain financing to purchase the land installment contract. Thereafter, the appellants obtained financing in the amount of $45,000.00. Appellee Tower City Title served as the escrow agent for the transaction and performed the title search, collected the necessary documents and funds, and closed the loan. The title exam performed by appellee Tower City Title revealed the existence of a federal tax lien in the amount of $7,625.50. Appellants agreed to assume payment of the tax liability through a loan taken with Equicredit Corporation.
 {¶ 3} Subsequently, in 1999, appellants sold the property and two additional liens against Weaver were discovered. Appellants contacted appellee Tower City Title regarding these two liens and appellee Tower City Title reimbursed them for the amount of their loss, which totaled $1,059.41.
 {¶ 4} On December 8, 1999, appellants filed suit against Weaver and appellee Tower City Title in the Tuscarawas County Court of Common Pleas (Case No. 1999 CV 12 0507) seeking to recover money damages for payment of the tax liens. Appellee Tower City Title filed an answer and cross claim against Weaver. Weaver, in his answer to the cross claim, admitted to the claim made by appellee Tower City Title.
 {¶ 5} Thereafter, a trial was held on March 1, 2001. The trial court, in its decision, granted judgment in favor of appellants and against appellee Tower City Title and dismissed appellee Tower City Title's cross claim against David Weaver with prejudice.
 {¶ 6} Appellee Tower City Title then filed a Notice of Appeal. Pursuant to an Opinion filed on January 4, 2002, this Court, inSwinderman v. Weaver, Tusc. App. No. 2001 AP 04 0030, 2002-Ohio-89, held that appellants were not entitled to a judgment for money damages against appellee Tower City Title "as they have failed to establish that Tower City Title breached any fiduciary duties under the escrow agreement." We further held that the trial court had erred in "failing to provide prior notice before dismissing Tower City Titles' cross claim, against Weaver, with prejudice." For such reason, we reversed the judgment of the trial court and remanded the case for further proceedings.
 {¶ 7} Thereafter, on February 14, 2002, appellants filed the case sub judice against David Weaver and appellee Tower City Title. Appellants, in their complaint for money damages, alleged as follows with respect to appellee Tower City Title:
 {¶ 8} "17. The said Defendant was negligent in examination of the title for which they were compensated and failing to discover and reveal to the Plaintiffs that the deed to the premises to David Weaver recorded in Volume 638, Page 344 on May 11, 1990 in the Tuscarawas County, Ohio, Deed Records was defective by reason of the failure to have two witnesses to the execution of the deed.
 {¶ 9} "18. Further, the Defendant was negligent in performing its duties as to the escrow agreement in charging the Plaintiffs being the buyers with certain expenses contrary to said agreement as shown by Exhibit "C" and "D".
 {¶ 10} "19. Further, the Defendant was negligent in failing to discover a Sales Tax Lien on said premises in the approximate amount of $1,000.00, the obligation of Defendant Weaver. Later the Defendant paid to Plaintiffs the amount of the Sales Tax Lien.
 {¶ 11} "20. In addition, said Defendant did perform acts of authorized practice of law in preparing instruments of conveyance for which it demanded and received compensation and was paid as set forth in Exhibit "C". With respect to appellee Tower City Title, appellants specifically sought $25,000.00 in compensatory damages, punitive damages, and attorney fees and court costs.
 {¶ 12} Appellee Tower City Title filed an answer to appellants' complaint on March 14, 2002. Appellee Tower City, in its answer, alleged that appellants' complaint was "barred by the doctrine of res judicta, in that the issues addressed in Plaintiff's complaint were previously decided in that certain Appellate Case No. 2001 AP 04 0030, . . ."
 {¶ 13} Appellee Tower City Title, on May 14, 2002, filed a Motion for Summary Judgment. Four exhibits (Exhibits A, B, C and D) were attached to such motion. Exhibit A was a copy of an Order/Entry in John D. Swinderman, et al. v. David L. Weaver, et al., Tuscarawas County Case No. 1999 CV 12 0507, the original case. As memorialized in such Order/Entry, the trial court granted appellee Tower City Title's motion to reform the defective warranty deed executed by Wilma M. France, to David L. Weaver for the subject premises. A copy of such warranty deed is also part of Exhibit A. In turn, Exhibit B was an "Addendum Regarding the Federal Tax Lien". In such addendum, which was purportedly signed by both appellants on May 22, 1998, appellants agreed to "pay off a federal tax lien in the amount of $7,625.50 for David L. Weaver out of our proceeds from the purchase" of 4754 Rutledge Street.
 {¶ 14} Exhibit C is a copy of a check from appellee Tower City Title dated December 23, 1999, payable to appellants in the amount of $1,059.21. Finally, Exhibit D is a copy of a HUD settlement statement prepared by appellee Tower City Title for appellants, who were the borrowers.
 {¶ 15} Appellee, in its Motion for Summary Judgment, argued, in part, that the doctrine of res judicata barred appellant's claims.
 {¶ 16} On July 5, 2002, appellant filed a Motion to Strike Exhibits A, B, C and D, arguing that they were not admissible since they did not comply with Civ.R. 56(C). Appellants, in their motion, noted that the exhibits had been filed without supporting affidavits. After appellee filed a response to such motion, the trial court denied appellants' Motion to Strike. Thereafter, on July 30, 2002, appellants filed a response to appellee's Motion for Summary Judgment. Pursuant to a Judgment Entry filed on August 5, 2002, the trial court granted appellee's Motion for Summary Judgment. The trial court, in its entry, noted that appellants' claims against David Weaver remained "viable for adjudication."
 {¶ 17} Following a bench trial, the trial court, pursuant to a Judgment Entry filed on December 11, 2002, granted appellants judgment against David Weaver in the amount of $7,625.50 plus interest. The trial court, in such entry, stated that "[t]here is no just reason for delay pursuant to Rule 54(B), Ohio Rules of Civil Procedure."
 {¶ 18} It is from the trial court's August 5, 2002, and December 11, 2002, Judgment Entries that appellants now appeal, raising the following assignments of error:
 {¶ 19} "I. The trial court committed reversible error by overruling appellant's motion to strike exhibits A, B, C, and D from the motion for summary judgment of the appellee.
 {¶ 20} "II. The trial court committed reversible error in sustaining defendant's motion for summary judgment.
 {¶ 21} "III. There are genuine issues of material fact set forth by the appellant which require the case to be tried rather than be disposed of by motion. The trial court committed reversible error in sustaining the motion for summary judgment filed on behalf of the defendant, tower city title agency, LL."
 {¶ 22} As an initial matter, we note that appellee Tower City Title contends that appellants' appeal was untimely and out of rule. App.R. 4(A) states that a "party shall file the notice of appeal required by App.R. 3 within 30 days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." The Notice of Appeal in the case sub judice was filed on January 10, 2003. Appellee specifically argues that since the trial court entry granting appellee's Motion for Summary Judgment was filed on August 5, 2002, appellants did not timely file their appeal.
 {¶ 23} However, the August 5, 2002, Judgment Entry was not a final appealable order since, as noted by the trial court in such entry, claims against David Weaver remained pending. The August 5, 2002, entry did not become a final appealable order until December 11, 2002, when the claims against Weaver were resolved. Thus, we find that appellants' appeal, which was filed on January 10, 2003, was timely.
 II, III {¶ 24} Appellants, in their second and third assignments of error, argue that the trial court erred in granting appellee Tower City Title's Motion for Summary Judgment since there were genuine issues of material fact in dispute. We disagree.
 {¶ 25} Upon review, we find that the doctrine of res judicata applies sub judice. "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. ParkmanTownship, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226. Furthermore, "[i]t has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the firstlawsuit'." National Amusement, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62, 558 N.E.2d 1178. (Emphasis added.) Accordingly, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
 {¶ 26} As is stated above, appellants originally filed a complaint against appellee Tower City Title (Case 1999 CV 12 0507) in the Tuscarawas County Court of Common Pleas on December 8, 1999, seeking to recover money damages for payment of the tax liens. After the trial court granted appellants judgment against appellee Tower City Title, appellee Tower City Title appealed.
 {¶ 27} This Court, in our January 4, 2002, Opinion in Swindermanv. Weaver, Tusc. App. No. 2001 AP 04 0030, 2002-Ohio-89, held, in relevant part, as follows: "we conclude the Swindermans [appellants] are not entitled to a judgment for money damages against Tower City Title [appellee] as they have failed to establish that Tower City Title breached any fiduciary duties under the escrow agreement." Based on the foregoing, we concur with appellee that "the issues addressed in Plaintiff's complaint were previously decided in that certain Appellate Case No. 2001 AP 04 0030, . . ." or could have been raised in the original case. We find that the trial court did not err in granting summary judgment to appellee.
 {¶ 28} Appellants' second and third assignments of errors are, therefore, overruled.
 I {¶ 29} Appellants, in their first assignment of error, argue that the trial court erred by overruling appellants' Motion to Strike Exhibits A, B, C and D from appellee's Motion for Summary Judgment.
 {¶ 30} Based on our analysis and disposition of appellants' second and third assignments of error, appellants' first assignment of error is moot.
 {¶ 31} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Gwin, P.J. and Hoffman, J. concur.