OPINION *Page 2 
{¶ 1} Appellant Russell T. Harper appeals the denial of his post-conviction motion for polygraph examination in the Licking County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} In August 2007, appellant was indicted on one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, with a specification that the offense was committed in the vicinity of a juvenile, a second-degree felony. Appellant entered a plea of not guilty and waived his right to a jury trial. The case proceeded to a bench trial on October 22, 2007.
 {¶ 3} The trial court found appellant guilty as charged and sentenced him to a three-year prison sentence. Appellant thereafter appealed to this Court, arguing that his conviction was based upon insufficient evidence, was against the manifest weight of the evidence, and that the trial court erred in overruling a motion for acquittal. Appellant also argued that his trial counsel was ineffective. On December 30, 2008, we affirmed the decision of the trial court. See State v. Harper, Licking App. No. 07CA151, 2008-Ohio-6926.
 {¶ 4} In the meantime, appellant filed a petition for post conviction relief on July 29, 2008. On July 31, 2008, appellant filed an affidavit of disqualification of the trial judge with the Ohio Supreme Court. The Ohio Supreme Court denied the affidavit of disqualification on August 20, 2008.
 {¶ 5} On December 7, 2008, appellant filed a "motion for polygraph examination at state expense." The trial court denied same two days later. *Page 3 
 {¶ 6} On December 17, 2008, appellant filed a notice of appeal.[1]
He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S MOTION FOR POLYGRAPH EXAMINATION AT STATE EXPENSE."
 I. {¶ 8} In his sole Assignment of Error, appellant contends the trial court erred in denying his post conviction motion for polygraph examination(s) at State expense. We disagree.
 {¶ 9} Under R.C. 2953.21(C), in determining whether there are substantive grounds for post conviction relief, a trial court "shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *."
 {¶ 10} The Ohio Supreme Court has explained: "State collateral review is not itself a constitutional right. * * * Further, a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment. * * * Therefore, a petitioner receives no more rights than those granted by [R.C. 2953.21]." State v.Calhoun (1999), 86 Ohio St.3d 279, 281.
 {¶ 11} Appellant herein does not set forth any statutory authority which would allow for post conviction polygraph examinations of court officials and witnesses. We *Page 4 
find appellant is essentially seeking court-ordered production of materials for potential use in his post conviction proceedings. However, the civil rules do not entitle a petitioner to discovery in postconviction proceedings. State v. Kinley (1999), 136 Ohio App.3d 1,21. Furthermore, "[petitions for post-conviction relief are available to defendants to rectify errors in prior proceedings and to effectuate justice. They are not available to be used as fishing expeditions."State v. Yarbrough, Shelby App. No. 17-2000-10, 2001-Ohio-2351, citingState v. Durr (Aug. 25, 1994), Cuyahoga App. No. 65958.
 {¶ 12} Moreover, the doctrine of res judicata requires a litigant to present every ground for relief in the first action, or be forever barred from asserting it. National Amusement, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62, 558 N.E.2d 1178. Even if appellant could establish a right to conduct a polygraph examination of the trial judge and witnesses, under these circumstances appellant is effectively trying to reassert his claim of trial judge bias, which the Ohio Supreme Court has already rejected in this case.
 {¶ 13} Appellant's sole Assignment of Error is overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court
of Common Pleas, Licking County, Ohio, is affirmed.
Wise, J., Edwards, P. J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs assessed to appellant.
[1] The trial court docket indicates that the underlying post-conviction petition was also denied, subsequent to the notice of appeal herein. *Page 1