THE STATE, EX REL. KEATING, APPELLANT, *v.* CINEMA X INTERNATIONAL OF CINCINNATI, INC., ET AL; PRESSMAN, APPELLEE.

(No. 73-570—Decided May 15, 1974.)

162

*Mr. James J. Clancy, Mr. Louis F. Gilligan* and *Mr. A. S. Johnston, III,* for appellant.

*Messrs. Aronoff, Rosen & Lerner* and *Mr. Irving H. Rosen,* for appellee.

*Per Curiam.* Appellant contends that when a trial court determines that a theater is exhibiting obscene films, and is therefore a nuisance under R. C. 3767.01 *et seq.,* the court may order a forfeiture of the rental payments received by the lessor of the premises on which the theater is located for the period during which such nuisance was maintained.

In *State, ex rel. Ewing,* v. *Without A Stitch* (1974), 37 Ohio St. 2d 95, 307 N. E. 2d 911, this court held that R. C. 3767.01 *et seq.* do not permit the forfeiture of box office

receipts derived from the exhibition of obscene motion pictures. Those sections also do not authorize the forfeiture of rental payments received by the lessor of the premises in which the nuisance was conducted.

Appellant next argues that, under R. C. 3767.10, appellee was under a mandatory duty to cancel her lease when she received a copy of the petition to abate the premises as a nuisance, or was otherwise put on notice that her lessees were using the premises to conduct a nuisance.

R. C. 3767.10 provides:

"If a tenant or occupant of a building or tenement, under a lawful title, uses such place for the purposes of lewdness, assignation, or prostitution, such use makes void the lease or other title under which he holds, *at the option of the owner*, and, without any act of the owner, causes the *right* of possession to revert and vest in such owner * * *." (Emphasis added.)

The language of the statute does not contemplate that a mandatory duty of cancellation is imposed upon the lessor. The obvious effect of R. C. 3767.10 is to confer upon a lessor the "option" to cancel his lease upon a proper determination that the premises are being used for the purpose of conducting a nuisance.

The Court of Appeals held that the trial court erred when it failed to rule upon appellee's motion to dismiss before the trial. That motion was based upon the ground that appellant's petition failed to state a claim against appellee upon which relief could be granted. Civ. R. 12(B)(6) specifically provides that a defense based upon that ground may be made by motion. Civ. R. 12(D), which prescribes the time for hearing and determination of a Civ. R. 12(B)(6) motion to dismiss, provides:

"The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion * * * shall be heard and determined before trial on application of any party."

Thus, Civ. R. 12(D) withholds from the trial court the power to defer hearing and determination of a Civ. R. 12

164

(B)(6) motion to dismiss until after commencement of trial. "On application of any party," the trial court must hear and determine a motion to dismiss for failure to state a claim upon which relief can be granted, before proceeding to the trial of the cause.

Additionally, the motion to dismiss, of itself, represents a request for a ruling of the court and it need not be reiterated by subsequent motions. In the case at bar, appellee made an "application," within the meaning of Civ. R. 12(D), when she filed her motion and orally requested the court to rule upon the merits thereof.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.