PHUNG, APPELLANT, *v.*
WASTE MANAGEMENT, INC. ET AL.,
APPELLEES.

(No. S-87-22—Decided
March 25, 1988.)

*Dennis E. Murray* and *Kirk J.
Delli Bovi,* for appellant.
*Smith & Schnacke, John T. Sun-*

*derland* and *John W. Edwards,* for appellees.

*Per Curiam.* For the second time, this case comes before the court on appeal from a judgment rendered by the Court of Common Pleas of Sandusky County, Ohio, dismissing appellant's complaint for failure to state a claim upon which relief may be granted. For the reasons stated below, the trial court's decision is affirmed in part and modified in part and the cause is remanded to the trial court for further proceedings according to law.

On June 1, 1983, appellant, Dr. Peter L. Phung (hereinafter "Phung"), filed a complaint against his employer, Waste Management, Inc. (hereinafter "Waste Management"), and his supervisor, Francis J. Sidoti (hereinafter "Sidoti"), the appellees herein. This complaint stated three causes of action against Waste Management and Sidoti.

The first cause of action was for wrongful discharge and was based on the allegation that Phung was fired from his job with Waste Management because he informed his employer that it was unlawfully disposing of its toxic waste. Phung alleged that discharge for such a reason is against public policy and therefore wrongful.

Phung's second cause of action was for personal injury caused by an intentional tort. The injury was allegedly caused by Phung's exposure to toxic substances at his work place. The third cause of action was for personal injury caused by negligent and intentional infliction of severe emotional distress.

The trial court dismissed Phung's first cause of action for failure to state a claim upon which relief may be granted under Civ. R. 12(B)(6). This

dismissal was appealed and ultimately upheld by the Supreme Court of Ohio. *Phung* v. *Waste Management, Inc.* (1986), 23 Ohio St. 3d 100, 23 OBR 260, 491 N.E. 2d 1114.

After the Supreme Court's decision, Phung amended his complaint, with leave of the trial court, alleging eight causes of action. The first of these causes of action realleges the wrongful discharge claim as explained above, but adds with specificity the statutes which Waste Management allegedly violated in disposing of its toxic waste. The second and third causes of action are identical to the second and third causes of action in Phung's original complaint.

Phung's amended complaint alleges in the fourth through eighth causes of action, respectively, the tort of outrageous conduct, a prima facie tort, tortious interference with a beneficial relationship, breach of an oral employment contract and defamation.

Waste Management and Sidoti moved the court to dismiss the entire amended complaint for failure to state a claim upon which relief may be granted under Civ. R. 12(B)(6). The trial court granted this motion on April 14, 1987, and Phung timely appealed to this court, stating four assignments of error. These assignments of error will be addressed in the order in which they were presented.

Appellant's first assignment of error reads as follows:

"The trial court prejudicially erred by granting defendants' Civ. R. 12(B) (6) dismissal motion without a hearing, when the court had ruled by judgment entry that it would hold a Civ. R. 12(D) hearing on the motion."

Phung argues that the trial court denied him due process of law when it failed to hold a preliminary hearing on Waste Management's motion to dismiss. Preliminary hearings on Civ. R.

12(B)(6) motions are governed by Civ. R. 12(D), which states:

"The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (C) of this rule shall be heard and determined before trial on application of any party."

The intent of this rule is that a Civ. R. 12(B) defense should be heard and decided by the court *before* the trial of the case. See *State, ex rel. Keating,* v. *Pressman* (1974), 38 Ohio St. 2d 161, 67 O.O. 2d 176, 311 N.E. 2d 524, where the court stated, "* * * Civ. R. 12(D) withholds from the trial court the power to defer hearing and determination of a Civ. R. 12(B)(6) motion to dismiss until after commencement of trial. * * *" *Id.* at 163-164, 67 O.O. 2d at 178, 311 N.E. 2d at 526. This intent is also made clear by the Staff Note to Civ. R. 12(D) which reads, in part:

"Rule 12(D) makes it unnecessary for defendant to serve a motion in order to obtain a hearing and determination of one of the seven defenses enumerated in Rule 12(B). Even if defendant serves an answer without first serving a motion, any of the seven enumerated defenses asserted in his answer will normally be heard before trial upon his application. It would be a rare state court practice situation in which a court would order that the hearing and determination be deferred until the trial."

Clearly, the preliminary hearing rule contemplates avoiding the situation where a defendant pleads a Civ. R. 12(B) defense or moves to dismiss on the basis of a Civ. R. 12(B) defense, and then must wait until the time of trial to have his motion or defense heard and decided by the court.

In the instant case, Waste Management's motion to dismiss was heard and decided by the trial court shortly

after the motion to dismiss was made and the memoranda in support and in opposition were filed. Phung was heard by the court, through his memorandum in opposition, before the court ruled on the motion to dismiss. He was not denied due process. Therefore, the appellant's first assignment of error is not well-taken.

Appellant's second assignment of error reads as follows:

"The trial court prejudically erred in dismissing plaintiff's first cause of action."

Phung's amended first cause of action for wrongful discharge is a supplemented restatement of the original wrongful discharge cause of action which was dismissed for failure to state a claim under Civ. R. 12(B)(6). *Phung, supra.* In *Phung,* the Supreme Court stated, in upholding dismissal of Phung's wrongful discharge cause of action:

"* * * Phung's claims are nothing more than broad, conclusory allegations that Waste Management, Inc. was violating certain unspecified legal and societal obligations * * *.

"* * *

"* * * The allegations herein failed to state a violation of a sufficiently clear public policy to warrant creation of a cause of action in favor of Phung. No jurisdiction has allowed a cause of action to proceed based only on vaguely alleged violations of 'societal obligations.' " *Id.* at 102, 23 OBR at 262, 491 N.E. 2d at 1116-1117.

Phung argues that his amended first cause of action for wrongful discharge now states a claim upon which relief may be granted since he has added specific statutes which Waste Management violated in the course of operating its plant. Therefore, Phung contends that his cause of action for wrongful discharge is no longer "based merely on alleged violations of 'societal obligations,' " *Phung, supra,* at 102,

23 OBR at 262, 491 N.E. 2d at 1117, nor does it contain "nothing more than broad, conclusory allegations that Waste Management, Inc. was violating certain unspecified legal and societal obligations * * *." *Id.* at 102, 23 OBR at 262, 491 N.E. 2d at 1116.

The Supreme Court of Ohio speaks through its syllabus, and the controlling points of law are stated therein, not in the text of its opinions. See Supreme Court Rules for the Reporting of Opinions, Rule 1(B). The syllabus of *Phung* states:

"1. Public policy does not require that there be an exception to the employment-at-will doctrine when an employee is discharged for reporting to his employer that it is conducting its business in violation of law. (*Mers* v. *Dispatch Printing Co.* [1985], 19 Ohio St. 3d 100, distinguished.)

"2. An at-will employee who is discharged for reporting to his employer that it is conducting its business in violation of law does not have a cause of action against the employer for wrongful discharge."

Phung's amended first cause of action still alleges only that he was wrongfully discharged because he informed his empoyer that it was operating its business in violation of the law. Adding the specific statutes that Phung's employer allegedly violated does nothing to change the basic facts alleged in his complaint, *i.e.,* that he was fired for reporting these violations to his employer.

Therefore, under paragraph two of the syllabus in *Phung,* quoted above, Phung has still failed to state a cause of action for wrongful discharge. Appellant's second assignment of error is not well-taken.

Appellant's third assignment of error reads as follows:

"The trial court prejudically erred in dismissing plaintiff's second through fifth causes of action."

Phung's second and third causes of action are based on intentional tort and allege that he sustained personal injury and severe emotional distress due to intentional acts of Waste. Management, his employer. Ohio recognizes that an employee has a cause of action against his employer for intentional torts. See *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 15 OBR 246, 472 N.E. 2d 1046; *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608, 23 O.O. 3d 504, 433 N.E. 2d 572; and R.C. 4121.80. The trial court's opinion fails to state a reason for its dismissal of the second and third causes of action in Phung's amended complaint. The court's only reference to these causes of action appears at the end of its judgment entry and states, "This court further finds that as to plaintiff's remaining causes of action, defendant's [*sic*] Motion to Dismiss is granted."

This court will not speculate as to the trial court's reason for dismissing these causes of action, but instead finds it necessary to remand this case to the trial court for a determination and explanation of whether Phung's second and third causes of action are valid under Ohio's current intentional tort laws.

Phung's fourth cause of action alleges that Waste Management engaged in tortious, outrageous conduct thereby causing him injury. The intentional tort of infliction of severe emotional distress encompasses the idea of outrageous conduct. See *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, 6 OBR 421, 453 N.E. 2d 666, the syllabus of which reads:

"One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. (*Bartow* v. *Smith*,

149 Ohio St. 301 [37 O.O. 10], overruled.)"

Therefore, Phung's fourth cause of action is simply a restatement of his third cause of action which alleges intentional infliction of severe emotional distress. Because Phung's fourth cause of action is redundant, the trial court's dismissal of it was not error.

Phung's fifth cause of action is for prima facie tort. Ohio does not recognize a cause of action for prima facie tort. See *Bajpayee* v. *Rothermich* (1977), 53 Ohio App. 2d 117, 7 O.O. 3d 86, 372 N.E. 2d 817; *Moody* v. *Avrett* (Jan. 10, 1980), Franklin App. No. 79AP-479, unreported; and *Maidlow* v. *Toledo* (Dec. 4, 1981), Lucas App. No. L-81-120, unreported. The trial court's dismissal of Phung's fifth cause of action was not error.

Therefore, Phung's third assignment of error is well-taken in part and not well-taken in part as follows. It was error for the trial court to fail to explain why it dismissed Phung's second and third causes of action and we therefore remand for a determination and explanation of this matter. It was not error for the trial court to dismiss Phung's fourth and fifth causes of action and this part of its judgment is affirmed.

Appellant's fourth assignment of error reads as follows:

"The court committed prejudicial error by dismissing plaintiff's sixth, seventh and eighth causes of action."

In his sixth cause of action, Phung attempts to state a claim for tortious interference with a beneficial relationship against Sidoti, the second defendant in this case. The issue raised by this cause of action has been addressed by the Ohio Supreme Court in *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207, 61 O.O. 2d 447, 291 N.E. 2d 457, where the court stated:

"Causes of action have been recognized against 'outsiders' for malicious

interference with employment. * * * Where, however, the act complained of is within the scope of a defendant's duties, a cause of action in tort for monetary damages does not lie. Nor can liability be predicated simply upon the characterization of such conduct as malicious." *Id.* at 213, 61 O.O. 2d at 450, 291 N.E. 2d at 461.

In the instant case, Sidoti's act of reporting information concerning the activities of his subordinate, Phung, to his supervisors at Waste Management was within the scope of his duties as an employee at Waste Management. Therefore, this cause of action was properly dismissed by the trial court.

Phung's seventh cause of action attempts to state a claim based on breach of an oral employment contract. According to paragraph twenty-one of Phung's complaint, Waste Management hired Phung under an oral agreement which provided that Phung "would have the right, as well as the duty, to be employed * * * [by Waste Management] performing his duties in a professional and, in all respects, legal manner." Phung further alleges that Waste Management breached this oral employment contract when he was fired.

A contract for employment which does not mention duration of employment is one at will, which can be terminated by either party for any reason or no reason. *Henkel* v. *Educational Research Council of America* (1976), 45 Ohio St. 2d 249, 74 O.O. 2d 415, 344 N.E. 2d 118. Since Phung's above-quoted oral agreement for employment neither contains a reference to duration of employment nor puts a restriction on Waste Management's right to fire Phung at will, this cause of action was properly dismissed by the trial court.

Phung's eighth cause of action attempts to state a claim for defamation against both defendants, Waste Management and Sidoti. Ohio recognizes that an employee has a valid cause of action against his employer and fellow workers for defamation. See *Hedrick* v. *Center for Comprehensive Alcoholism Treatment* (1982), 7 Ohio App. 3d 211, 7 OBR 272, 454 N.E. 2d 1343. Again, the trial court's opinion fails to state a reason for dismissing Phung's eighth cause of action. The court states only that "as to plaintiff's remaining causes of action Defendant's [*sic*] Motion to Dismiss is granted." This court refuses to speculate as to the trial court's reason for dismissing this defamation claim against Waste Management and Sidoti. Therefore, we find it necessary to remand to the trial court for a determination and explanation of whether Phung's eighth cause of action is valid under Ohio's current law on defamation.

We note that there may be a problem with the applicable statute of limitations for defamation as codified in R.C. 2305.11, but leave that issue for the trial court to decide.

Thus, Phung's fourth assignment of error is well-taken in part and overruled in part.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and judgment of the Sandusky County Court of Common Pleas is modified in part and affirmed in part. The court's dismissal of appellant's first, fourth, fifth, sixth, and seventh causes of action is affirmed. Further, this cause is remanded to the Court of Common Pleas of Sandusky County, with instructions for it to determine and explain whether the second, third, and eighth causes of action in appellant's amended complaint state a valid cause of action under Ohio law and for further proceedings according to law. Costs assessed as follows: one half to

be paid by appellant and one half to be paid by appellees.

*Judgment accordingly.*

CONNORS, HANDWORK and GLASSER, JJ., concur.