DECISION. *Page 2 
{¶ 1} Michael Rutherford was injured at work. He filed a workers' compensation claim for a hamstring injury. He later attempted to amend the claim to include injuries both to the sciatic nerve and to his back. The Industrial Commission allowed both claims. His employer appealed to the trial court. The trial court affirmed the allowance of the claim for the sciatic nerve, but denied his claim for a back injury. Rutherford now appeals. We affirm.
 I. Injury and Trial {¶ 2} Adecco USA, Inc., was a staffing agency that provided laborers to companies on a temporary basis. Rutherford had been assigned by Adecco to work at Nease Corp. There, he took a training class on operating a forklift. He then passed a test and became a forklift operator.
 {¶ 3} Several months later, Rutherford slipped in a puddle of water while getting off a forklift. The injury reports, signed by Rutherford, described an injury to his right leg. Rutherford received medical treatment the next day. The treatment note from the medical facility said that Rutherford had injured his right hamstring, but was not experiencing "* * * back * * * complaints, just the right hamstring strain."
 {¶ 4} When questioned at trial about why neither his signed injury forms nor the medical documentation said anything about a back injury, Rutherford testified that he was illiterate and that someone had incorrectly completed the forms, omitting this information. He could not remember who filled out the forms. Further, he explained that he had passed the written forklift-operator test because someone had left the answers on a chalkboard.
 {¶ 5} Both Rutherford's wife and his father stated that Rutherford could read and write, and they both recognized his handwriting on forms that he had claimed someone else completed. Furthermore, Carl Deskin, who administered the forklift-operator *Page 3 
test, testified that no one had written the answers on a chalkboard, and that a chalkboard was not even in the room where the tests were given.
 {¶ 6} Rutherford also testified that he had told the physician and others about lower-back pain during his first visit to the doctor after his injury and at several subsequent visits. He explained that the doctor and other medical personnel had ignored his complaints.
 {¶ 7} Rutherford initially filed a workers' compensation claim for a hamstring injury. Later, he moved to amend his claim to add an injury to the right sciatic nerve and a herniated disk on the left side. The Industrial Commission granted his motion, and Adecco appealed to the Hamilton County Common Pleas Court. The trial court denied the additional allowance for the herniated disc. The trial court determined that Rutherford had given false testimony at trial both about being illiterate and about reporting to medical professionals just after his accident that he had injured his back. Further, it concluded that the medical testimony showed that Rutherford's injury was confined to his right leg.
 {¶ 8} Rutherford now appeals, asserting that the trial court erred by (1) denying his additional herniated-disc claim on the manifest weight of the evidence; (2) admitting documents and testimony that had not been previously disclosed; and (3) impermissibly denying the addition of the herniated-disc claim.
 II. Verdict was Supported by Competent, CredibleEvidence {¶ 9} Rutherford argues in his first and third assignments of error that the trial court erroneously denied his herniated-disc claim. We consider these assignments of error together.
 {¶ 10} Initially, we note that some of the language Rutherford's attorney has used in his brief is offensive and inappropriately maligns the trial court. We suggest that attorneys refrain from attacking the competency and integrity of trial courts in their appellate briefs and instead focus on the issues. *Page 4 
 {¶ 11} In a civil proceeding, an appellate court should not reverse a trial court on the manifest weight of the evidence if the trial court's judgment is supported by some competent, credible evidence.[1]
Rutherford's trial was a bench trial. Thus, we presume that the trial court's findings of fact were correct, [2] and we will uphold the trial court's judgment unless we determine that there is insufficient evidence in the record for a reasonable person to come to the conclusion reached by the trial court.[3]
 {¶ 12} To succeed on his workers' compensation claim, Rutherford had to show by a preponderance of the evidence that his fall from the forklift had caused his back injury.[4] Other than Rutherford's testimony, there is no evidence in the record that there was anything wrong with Rutherford's back after his accident. Rutherford claims that he had told medical personnel on each visit that his back hurt. We find it difficult to believe that not one person at the medical facility documented Rutherford's complaints about his back. Rutherford claims that the injury reports did not mention a back injury because he was illiterate and therefore could not complete the form himself or ensure that the form was correctly completed by another person. But both his wife and his father testified that Rutherford could read and write, and both indentified his writing on a form. It appears obvious to this court that Rutherford's testimony was less than candid.
 {¶ 13} We must defer to the trial court if it based its finding on competent, credible evidence. In this case, there was ample testimony from Dr. John Gallagher, the physician who had treated Rutherford for several months beginning shortly after his accident. He testified that Rutherford had never complained about a back injury. Furthermore, a defense expert testified that the symptoms Rutherford complained about did not make sense, and that it was likely Rutherford was exaggerating or *Page 5 
fabricating his symptoms. There was more than enough evidence to support the trial court's judgment. Rutherford's first and third assignments of error are overruled.
 III. Evidentiary Ruling {¶ 14} Rutherford argues that the trial court erred by permitting Adecco to admit documents and testimony that it had not disclosed during discovery.
 {¶ 15} After Rutherford testified that he was illiterate and that he had someone assist him in filling out the injury report and the workers' compensation forms, Adecco presented previously undisclosed employment documents that Rutherford had completed. The forms showed that Rutherford was perfectly capable of reading and writing. This was rebuttal evidence. Adecco had the right to present this evidence because the issue of his literacy was first addressed in Rutherford's case-in-chief.[5]
 {¶ 16} Even if the evidence were improperly admitted, it did not prejudice Rutherford. The documents' only impact was to show that Rutherford was not illiterate. That he could read and write was otherwise clearly established by his own witnesses — his wife and his father. The second assignment of error is accordingly without merit.
 {¶ 17} For the foregoing reasons, we affirm the judgment of the trial court.
Judgment affirmed.
HILDEBRANDT, P.J., and DINKELACKER, J., concur.
[1] C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280, 376 N.E.2d 578.
[2] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80,461 N.E.2d 1273.
[3] Charles v. Administrator, Bureau of Workers' Compensation (Apr. 3, 1997), 8th Dist. No. 71100.
[4] Fox v. Indus. Comm. of Ohio (1955), 162 Ohio St. 569, 576,125 N.E.2d 1.
[5] Phung v. Waste Mgt., Inc., 71 Ohio St.3d 408, 410, 1994-Ohio-389,644 N.E.2d 286. *Page 1