[Cite as *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 2012-Ohio-12.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96728**

---

## PROUSE, DASH & CROUCH, LLP

PLAINTIFF-APPELLEE

vs.

## BRUCE ANTHONY GORCYCA DIMARCO, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
**AFFIRMED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-692424

**BEFORE:**  Jones, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:**  January 5, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Daniel F. Lindner
Lindner, Sidoti, Jordan LLP
2077 East 4th Street, 2nd Floor
Cleveland, Ohio 44115


LARRY A. JONES, P.J.:

{¶ 1} Defendant-appellant, Bruce Anthony Gorcyca DiMarco ("DiMarco"), appeals the trial court's judgment overruling his objections to the magistrate's decision, adopting the magistrate's decision, and ordering foreclosure of the real property located at 5810 Gilbert Avenue, Parma, Ohio. We affirm.

## I. Procedural History and Facts

{¶ 2} Litigation between DiMarco and plaintiff-appellee, Prouse, Dash & Crouch, LLP ("Prouse"), began in 2003, when Prouse sued DiMarco and Ji Hae Linda Yum DiMarco ("Yum") in Cuyahoga County Common Pleas Court for breach of contract.[1] The trial court found in that case that DiMarco and Yum jointly and severally owed Prouse

---

[1]Case No. CV-498823.

$296,342.97, that DiMarco had fraudulently transferred his home to Yum to defeat creditors, and that the transfer was void. Prouse thereafter perfected a judgment lien on the property.[2]

{¶ 3} This court reversed the trial court and found that the trial court did not have personal jurisdiction over DiMarco. *Prouse, Dash & Crouch, LLP v. DiMarco*, Cuyahoga App. No. 86324, 2006-Ohio-1538, ¶15 ("*Prouse I*"). The Ohio Supreme Court reversed *Prouse I*, finding that the trial court had jurisdiction over DiMarco, and ordered that the trial court's judgment against him stand. *Prouse, Dash & Crouch, LLP v. DiMarco*, 116 Ohio St.3d 167, 2007-Ohio-5753, 876 N.E.2d 1226.

{¶ 4} On remand, this court affirmed the trial court's rulings (1) that the trial court had jurisdiction over DiMarco, (2) awarding attorney fees to Prouse, and (3) that DiMarco had fraudulently transferred the property to Yum. *Prouse, Dash & Crouch, LLP v. DiMarco*, Cuyahoga App. No. 86324, 2008-Ohio-919 ("*Prouse II*"). The trial court denied various motions to reconsider.

{¶ 5} Prouse then filed this foreclosure action. The action was initially brought against DiMarco only, but the complaint was amended to include DiMarco's alleged former wives — Yum and Magaly Perez — for the purpose of allowing them to protect any dower interest they may claim. Yum and Perez were served, but never defended in the case; they were both found to be in default. DiMarco did not object.

{¶ 6} The trial court entered judgment in favor of Prouse. DiMarco sought a

---

[2]Case No. JL-234730.

stay, which was granted on the condition that he post a $250,000 supersedeas bond. DiMarco never posted the bond, and the property was sold in July 2011.

**{¶ 7}** DiMarco presents the following assignments of error for our review:

"[I.] Defendant was denied due process of law when the court ordered a foreclosure on property based upon an alleged fraudulent transfer over which the court lacked jurisdiction of a necessary and indispensable party.

"[II.] Defendant was denied due process of law when the court entered a judgment against [him] where the court lacked personal jurisdiction.

"[III.] Defendant was denied due process of law when the court ordered a foreclosure based upon service by publication which failed to comply with the minium requirement of due process of law.

"[IV.] Defendant was denied due process of law when the court did not conduct a hearing on the defense of lack of personal jurisdiction.

"[V.] Defendant was denied due process of law when service by publication was had without strict compliance with the Ohio Rules of Civil Procedure."

## II. Law and Analysis

**{¶ 8}** By these assignments of error, it is DiMarco's contention that (1) the trial court did not have jurisdiction over Yum; (2) the trial court did not have jurisdiction over him because the service by publication was not obtained in "strict compliance with the Ohio Rules of Civil Procedure"; and (3) the trial court should have held a hearing in regard to service on him.

**{¶ 9}** We first consider DiMarco's contention that the trial court did not have jurisdiction over Yum. Yum was brought into this action, upon the trial court's order, to assert any dower interest in the property she may have had. She did not defend and default judgment was granted against her. She is not a party to this appeal.

{¶ 10} An appealing party may complain of an error committed against a non-appealing party when the error is prejudicial to the rights of the appellant. *In re Hitchcock* (1996), 120 Ohio App.3d 88, 99-100, 696 N.E.2d 1090. Upon a showing of prejudice, the appellant may challenge the error committed against the non-appealing party. *In re Hiatt* (1993), 86 Ohio App.3d 716, 721, 621 N.E.2d 1222.

{¶ 11} DiMarco claims that this court's prior ruling that the transfer of the property from him to Yum was a "taking of Yum's property without due process of law." DiMarco's contention affects Yum's potential rights, not his own. He has not established that his rights were prejudiced and, therefore, that he has the right to assert an error committed against Yum.

{¶ 12} In light of the above, the first assignment of error is overruled.

{¶ 13} In his second assignment of error, DiMarco contends that the trial court did not have personal jurisdiction over him.

{¶ 14} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Trojanski v. George*, Cuyahoga App. No. 83472, 2004-Ohio-2414. Moreover, the doctrine of res judicata prohibits a collateral attack on an otherwise final judgment. *Southridge Civic Assn. v. Parma*, Cuyahoga App. No. 80230,

2002-Ohio-2748.

{¶ 15} In regard to whether the trial court had jurisdiction over DiMarco, the Ohio Supreme Court stated that "[w]e hold that the Cuyahoga County Court of Common Pleas has personal jurisdiction over DiMarco." *Prouse*, 2007-Ohio-5753, at ¶12. This court acknowledged that holding. *Prouse II*, ¶5. The issue of whether the trial court had jurisdiction over DiMarco has, therefore, been conclusively determined. Accordingly, the second assignment of error is overruled.

{¶ 16} For his third assigned error, DiMarco contends that the service by publication did not meet the minimum requirements of due process. Specifically, DiMarco challenges Prouse's affidavit in support of service by publication, which provided in part: "Service was attempted by personal process server. The female that resided at the above [Canadian] address indicated that said defendant no longer resided at said residence and she does not know where he currently resides." According to DiMarco, "the statement in the affidavit does not indicate to whom this information was given nor the identity of the 'female' who claimed she resided at the residence. * * * Thus the conclusory statement that the residence was unknown would be insufficient." We disagree.

{¶ 17} The record demonstrates that Prouse attempted personal service on DiMarco at the address where he was served in *Prouse I* and *II*. The affidavit of attempted service (separate and distinct from the above-mentioned affidavit in support of service by publication) states as follows: "On Friday May 22, 2009 * * * I attempted to serve the

Defendant * * * DiMarco * * * with a copy of the Summons in a Civil Action, and Complaint in Foreclosure by attending at his last known residential address * * *. I spoke with a female occupant of the premises who identified herself as Linda DiMarco, she stated that she is the ex-wife of * * * DiMarco, and that he did not reside at the premises and she did not know where he would currently reside."

{¶ 18} Under Civ.R. 4.4(B), even where a residence is known, but service cannot be effectuated, service by publication is a permissible method of service. Further, we are not persuaded by DiMarco's reliance on *Dowers v. Krause*, Hamilton App. No. C-030644, 2004-Ohio-1487. In *Dowers*, the plaintiff attempted service by mail, but it was rejected. The plaintiff then proceeded to serve the defendant by publication. The First Appellate District held that the plaintiff did not demonstrate reasonable diligence because he knew that the defendant still resided at the address and, thus, could have attempted personal service.

{¶ 19} Here, Prouse attempted personal service on DiMarco on his last known address and his ex-wife told the process server that DiMarco no longer resided at the address and she did not know where he was living. DiMarco's residence was unknown and Prouse, therefore, properly served him by publication.

{¶ 20} In light of the above, the third assignment of error is overruled.

{¶ 21} We next consider DiMarco's contention that the trial court should have conducted a hearing regarding his claim that the service by publication was inadequate. DiMarco asserted this contention throughout the trial court proceedings. The trial court

considered it and rejected that argument.

{¶ 22} DiMarco relies on *Phung v. Waste Mgt., Inc.* (1988), 40 Ohio App.3d 130, 532 N.E.2d 195, in support of his contention that the trial court was required to hold a hearing. *Phung* does not support his contention. Specifically, the Sixth Appellate District held that "Phung was heard by the court, through his memorandum in opposition, before the court ruled on the motion to dismiss. He was not denied due process." Id. at 131.

{¶ 23} Similarly, DiMarco's contention was before the court through various motions, pleadings, and his objections to the magistrate's decision. The court considered his contention, and determined it not to be well-founded. DiMarco was not denied due process. Accordingly, the fourth assignment of error is overruled.

{¶ 24} In his final assignment of error, DiMarco contends that he was denied due process because the service by publication was not done in "strict compliance with the Ohio Rules of Civil Procedure." We are not persuaded. DiMarco filed objections to the magistrate's decision and did not assert any objection based on the alleged failure to serve him under the Ohio Rules of Civil Procedure. Civ.R. 53(D)(3)(b)(ii) provides that "[o]bjections must be specific, and state with particularity all grounds for objection." If an objection is not made on a particular issue, that issue is waived. Civ.R. 53(D)(3)(b)(iv).

{¶ 25} In his objections, DiMarco only made general arguments about personal jurisdiction; he did not specifically state how Prouse allegedly failed to comply with the

Rules of Civil Procedure. DiMarco has, therefore, waived his right to present this argument on appeal. The fifth assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR