[Cite as *Long v. Long*, 2014-Ohio-5715.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BRIAN K. LONG, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 BE 28 |
| V. | ) | |
| | ) | OPINION |
| LESLIE E. LONG, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
Pleas, Domestic Relations Division of
Belmont County, Ohio
Case No. 05DR0066

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee            Brian K. Long, Pro-se
110 Tierra Road
Wheeling, WV 26003

For Defendant-Appellant           Leslie E. Long, Pro-se
65340 Three Hills Dr.
Bellaire, Ohio 43906

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: December 23, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Leslie Long, appeals from a Belmont County Common Pleas Court judgment denying her motion for a retroactive reduction in child support.

{¶2} Appellant and plaintiff-appellee, Brian Long, were married in 1990. Two children were born of the marriage, Tyler (d.o.b. 11/25/93) and Courtney (d.o.b. 11/6/96).

{¶3} Appellee was shot in 2004. In 2005, appellant pleaded guilty to appellee's attempted murder. Appellant was sentenced to nine years in prison.

{¶4} The parties divorced that same year. At the time, both parties were represented by counsel. By agreement, appellee was named the residential parent of the children. The magistrate had to make a determination as to how much income to impute to appellant for child support purposes. The magistrate noted that appellant had a bachelor's degree and a master's degree, but she had not been in the workforce during the marriage. The magistrate noted that minimum wage would be $9,012.50 annually for a 35-hour-per-week job. But, based on appellant's education, the magistrate imputed a yearly income of $30,000. Accordingly, the magistrate imposed a monthly child support obligation of $425.55 on appellant.

{¶5} Appellant filed objections to the magistrate's decision, arguing in part that the magistrate should have only imputed minimum wage to her. The trial court overruled the objections and set appellant's child support obligation at $425.55 per month.

{¶6} Appellant pursued an administrative adjustment of her child support obligation through the Belmont County Child Support Enforcement Agency (CSEA), but the adjustment was denied.

{¶7} Appellant's child support obligation for Tyler terminated in May 2012, when he graduated from high school. Appellant's monthly obligation for Courtney continued at $209.24.

{¶8} On June 20, 2013, appellant, now acting pro se, filed a Motion to Adjust Arrearages. She asked the trial court to order CSEA to adjust the arrearages she

owed citing the amendments to R.C. 3119.05(I)(2) under Senate Bill 337's "Second Chance Act."

**{¶9}** The magistrate found that appellant failed to offer any case law to support the assertion that her arrearage could be adjusted. Therefore, the magistrate overruled appellant's motion.

**{¶10}** Appellant filed objections to the magistrate's decision. She argued the amendment to R.C. 3119.05(I)(2) supported her request to modify her arrearage so that she would have only had a monthly obligation of $50 while she was incarcerated.

**{¶11}** The trial court overruled appellant's objections finding there was no basis for a retroactive reduction of child support in R.C. 3119.05.

**{¶12}** Appellant filed a timely notice of appeal on September 30, 2013.

**{¶13}** Appellant, still proceeding pro se, raises a single assignment of error that states:

THE COURT ERRED AS A MATTER OF LAW IN NOT ADJUSTING THE CHILD SUPPORT ARREARAGES OF APPELLANT LESLIE LONG, WHEN THE IMPUTED INCOME USED WAS AN AMOUNT FAR ABOVE WHAT APPELLANT WAS EARNING AT THE TIME OF THE ORIGINAL COMPUTATION OF THE CHILD SUPPORT ORDER.

**{¶14}** Appellant argues that when the trial court put on the support order in the divorce decree it failed to consider several things. First, while appellant does have a college degree, she never had employment in her field. Instead, she was a stay-at-home mother for the five years preceding her incarceration. Second, she was convicted of a serious felony and, therefore, would not be earning any significant income for some time. Appellant argues the court should have only imputed the minimum wage in effect at the time of the divorce, which she states was $5.15 per hour.

**{¶15}** Appellant's argument to this court is barred by the doctrine of res

judicata. The doctrine of res judicata bars the litigation of issues that were previously raised or could have been previously raised. *National Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). An argument asserting the trial court erred in failing to consider certain factors in imputing income should have been raised in a direct appeal from the divorce decree. See, *Cramblett v. Cramblett*, 7th Dist. No. 05 HA 581, 2006-Ohio-415, ¶36. Appellant did not file an appeal from the divorce decree. Thus, she is now barred from asserting alleged errors with the divorce decree.

{¶16} In her motion for a retroactive reduction in her child support arrearage appellant argued that pursuant to the amended version of R.C. 3119.05(I)(2) the court should grant her request to modify her arrearage so that she would have had a monthly obligation of $50 while she was incarcerated. In the interest of fairness, we will address this issue.

{¶17} Am.Sub.S.B. 337 amended or enacted over 70 sections of Ohio's Revised Code. The changes became effective on September 28, 2012. One of the sections it amended was R.C. 3119.05, which is entitled Requirements When Court Computes Child Support. R.C. 3119.05(I)(2) now provides:

> (I) Unless it would be unjust or inappropriate and therefore not in the best interests of the child, a court or agency shall not determine a parent to be voluntarily unemployed or underemployed and shall not impute income to that parent if either of the following conditions exist:
>
> * * *
>
> (2) The parent is incarcerated or institutionalized for a period of twelve months or more with no other available assets, unless the parent is incarcerated for an offense relating to the abuse or neglect of a child who is the subject of the support order or an offense under Title XXIX of the Revised Code when the obligee or a child who is the subject of the support order is a victim of the offense.

Prior to the 2012 amendment, R.C. 3119.05(I) did not include subsection (I)(2). So there was no provision prohibiting a court from finding a parent voluntarily unemployed or underemployed while they were incarcerated.

**{¶18}** At the time the trial court entered the divorce decree, the Legislature had not yet amended R.C. 3119.05. Therefore, the court was free to find appellant was voluntarily unemployed and impute income to her accordingly.

**{¶19}** Furthermore, there is no indication in the statute that it is to be applied retroactively, which would allow appellant to pursue a retroactive reduction in her arrearage. "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. The amendment of a statute does not affect the prior operation of the statute or affect "any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder." R.C. 1.58(A)(1)(2). Moreover, a court is to review the calculation and award of support based on the statute in effect at the time of the filing of the divorce. *Marek v. Marek*, 9th Dist. No. 21886, 2004-Ohio-5556, ¶13.

**{¶20}** Thus, the trial court properly overruled appellant's motion for retroactive modification of her child support arrearage.

**{¶21}** Accordingly, appellant's sole assignment of error is without merit.

**{¶22}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.