[Cite as *Long v. Long*, 2020-Ohio-3357.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

BRIAN K. LONG,

Plaintiff-Appellee,

v.

LESLIE E. LONG,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 BE 0041

---

**Domestic Relations** Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 05 DR 66

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Rhonda Greenwood*, Belmont County Prosecutor's Office, 147 A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee, and

*Atty. Elgine McArdle*, McArdle Law Offices, 2139 Market Street, Wheeling, West Virginia 26003, for Defendant-Appellant.

Dated:
June 10, 2020

_____

**Donofrio, J.**

{¶1}     Defendant-appellant, Leslie Long, appeals from a Belmont County Common Pleas Court judgment overruling her objections to a magistrate's decision denying her motion to modify her child support arrearage.

{¶2}     Appellant and plaintiff-appellee, Brian Long, were married in 1990.  Two children were born of the marriage.

{¶3}     Appellee was shot in 2004.  In 2005, appellant pleaded guilty to appellee's attempted murder.  Appellant was sentenced to nine years in prison.

{¶4}     The parties divorced that same year.  At the time, both parties were represented by counsel.  By agreement, appellee was named the residential parent of the children.  The magistrate had to make a determination as to how much income to impute to appellant for child support purposes.  The magistrate noted that appellant had a bachelor's degree and a master's degree, but she had not been in the workforce during the marriage.  The magistrate noted that minimum wage would be $9,012.50 annually for a 35-hour-per-week job.  But, based on appellant's education, the magistrate imputed a yearly income of $30,000.  Accordingly, the magistrate imposed a monthly child support obligation of $425.55 on appellant.

{¶5}     Appellant filed objections to the magistrate's decision, arguing in part that the magistrate should have only imputed minimum wage to her.  The trial court overruled the objections and set appellant's child support obligation at $425.55 per month.

{¶6}     Appellant pursued an administrative adjustment of her child support obligation through the Belmont County Child Support Enforcement Agency (CSEA), but the adjustment was denied.

{¶7}     Appellant's child support obligation for the older child terminated in May 2012, when he graduated from high school.  Appellant's monthly obligation for the younger child continued at $209.24.

{¶8}     On June 20, 2013, appellant, now acting pro se, filed a Motion to Adjust Arrearages.  She asked the trial court to order CSEA to adjust the arrearage she owed.  The magistrate overruled appellant's motion and she filed objections.  The trial court

overruled her objections finding there was no basis for a retroactive reduction of child support in R.C. 3119.05.

{¶9} Appellant appealed to this court, still acting pro se. We affirmed the trial court's judgment finding that appellant's argument was barred by the doctrine of res judicata. *Long v. Long*, 7th Dist. Belmont No. 13 BE 28, 2014-Ohio-5715, ¶ 15 (stating appellant failed to appeal the divorce decree and was now barred from doing so). We further found that even if appellant's argument was not barred, it lacked merit. We noted that the amendment to the statute upon which appellant relied, R.C.3119.05(I), had not been enacted at the time the trial court entered the divorce decree and the statute was not to be applied retroactively. *Id.* at ¶¶ 18-19.

{¶10} The trial court terminated the child support order in 2015, when the youngest child emancipated. The court's judgment again detailed the arrears. Appellant did not appeal from this judgment.

{¶11} Appellant filed a pro se motion on March 26, 2018 seeking a de novo administrative review of child support arrears in hopes of having the arrears modified or terminated. She filed another pro se motion on April 19, 2018 requesting a cease and desist order of garnishments and withholding of tax returns.

{¶12} Appellant filed a third motion, through counsel, to stay further child support withholding based on an unconstitutional imposition of child support on November 9, 2018. An audit conducted by CSEA showed a balance owing of $18,692.55 at that time. CSEA filed a response in opposition. The magistrate overruled all of appellant's motions on July 8, 2019. Appellant filed objections to the magistrate's ruling, which the trial court overruled.

{¶13} Appellant filed a timely notice of appeal on August 29, 2019. She now raises a single assignment of error for our review.

{¶14} Appellant's sole assignment of error states:

> THE COURT OF COMMON PLEAS' "DISCUSSION" OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION CONTAINS CONCLUSIONS WITHOUT LEGAL ANALYSIS OF PLAIN ERROR AS APPLIED TO THE FACTS OF THE CASE.

{¶15} Appellant asserts that the trial court's dismissal of her objections to the magistrate's decision was an abuse of discretion. She argues that the case presents an exceptional set of facts and circumstances that would allow the court to make a rare plain error review of this civil case because, absent correction, this matter would result in a manifest miscarriage of justice. She asserts that the court's failure to address plain error was an abuse of discretion.

{¶16} Appellant goes on to argue that the Double Jeopardy Clause protects her from receiving multiple punishments for the same crime. Because her conviction stemmed from a crime against appellee, appellant argues that the trial court took this into consideration in imputing her income in its final divorce decree. She contends this violated her right against double jeopardy. Appellant goes on to argue that this court should employ a plain error analysis to review the trial court's finding that she had never worked during the marriage.

{¶17} Appellant is again rehashing arguments regarding child support that could have been raised in an appeal from the divorce decree. She contends the trial court improperly took judicial notice of her conviction, that the court incorrectly applied the child support statutes, and that she had no ability to earn income while she was incarcerated – all in violation of her right against double jeopardy.

{¶18} Appellant's argument to this court is once again barred by the doctrine of res judicata. The doctrine of res judicata bars the litigation of issues that were previously raised or could have been previously raised. *National Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). An argument asserting the trial court erred in failing in imputing income for child support purposes should have been raised in a direct appeal from the divorce decree. See, *Cramblett v. Cramblett*, 7th Dist. Harrison No. 05 HA 581, 2006-Ohio-415, ¶ 36. Again we note that appellant did not file an appeal from the divorce decree. Thus, she is now barred from asserting alleged errors with the divorce decree.

{¶19} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶20} For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**